IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MARCO ANTONIO RIVAS, JR.,<br><br>　　　　　　Defendant. | AMENDED[1] MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE<br><br>Case No. 2:00-CR-605 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Marco Rivas Jr.'s Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A). For the reasons discussed below, the Court will grant Defendant's Motion and reduce his sentence to 276 months, which will allow for Defendant's release in approximately one year.

I. BACKGROUND

On December 13, 2000, Defendant was charged with two counts of armed carjacking and two counts of using, carrying, discharging, or possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). On September 27, 2001, Defendant pleaded guilty to the two § 924(c) charges and was sentenced to 10 years on the first charge and 25 years on the second charge to run consecutive, as was then required by statute. In exchange for his

---

[1] On March 30, 2022, the Court was informed by the Bureau of Prisons that the Court's prior order reducing Defendant's sentence to 243 months would not fulfill the Court's goal of having Defendant released in approximately one year because of Defendant's accumulated good time credits. As a result, the Court issues this Amended Order to reflect its intention more accurately.

1

guilty plea, the government agreed to dismiss a second case that had been filed against Defendant. Had those charges not been dismissed, Defendant would have been subject to an additional 33 years' imprisonment.

Defendant has now served 19 years of his sentence and has a projected release date of May 31, 2033. Defendant filed his Motion for Reduction of Sentence on November 5, 2021, which was supplemented by counsel on January 31, 2022. Defendant argues that there are extraordinary and compelling circumstances for a reduction, specifically: the length of the sentence imposed, the elimination of the stacking provisions in § 924(c), Defendant's youth at the time of sentencing, the declining health of his parents, the disparity in sentences imposed on Defendant and his co-defendant, and his efforts at rehabilitation.

## II. DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[2] 18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

---

[2] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

Where, as here, a defendant has fully exhausted their administrative rights, the Court may reduce a defendant's term of imprisonment where: (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) the sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with the Court's consideration of the 18 U.S.C. § 3553(a) factors.[3]

The Court has the authority to exercise its independent discretion to define the term "extraordinary and compelling reasons."[4] The Tenth Circuit has concluded that the Court can consider the amendments to § 924(c)'s stacking provision in considering whether extraordinary and compelling reasons exist for a sentence reduction.[5] However, "[a] long sentence derived from stacking cannot, by itself, be an 'extraordinary and compelling' reason for sentence reduction."[6] "Instead, a district court may consider the legislative change to the stacking provision only in the context of an individualized review of a movant's circumstances."[7]

Here, Defendant points to the amendments to § 924(c) to support his request for a sentence reduction, but he does more than simply rely on this statutory change. Defendant also points to his youth at the time of sentencing, the length of sentence, and his rehabilitative efforts

---

[3] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[4] *See McGee*, 992 F.3d at 1045 (holding district courts "have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,' but that this authority is effectively circumscribed by . . . the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

[5] *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021).

[6] *Id.* at 838 (Tymkovich, C.J., concurring); *see also McGee*, 992 F.3d at 1048 (stating that "the fact a defendant is serving a pre-First Step Act mandatory . . . sentence . . . cannot, standing alone, serve as the basis for a sentence reduction under § 3582(c)(1)(A)(i)").

[7] *Maumau*, 993 F.3d at 838 (Tymkovich, C.J., concurring).

while in custody. In addition, Defendant seeks a sentence reduction to take care of his aging parents, both of whom suffer from serious medical conditions. Defendant argues that these factors present extraordinary and compelling reasons to warrant a sentence reduction.

In *Maumau*, the Tenth Circuit upheld a finding of extraordinary and compelling reasons for a sentence reduction in similar circumstances. These included: "Maumau's young age at the time of sentencing; the incredible length of his stacked mandatory sentences under § 924(c); the First Step Act's elimination of sentence-stacking under § 924(c); and the fact that Maumau, if sentenced today, . . . would not be subject to such a long term of imprisonment."[8] These same factors apply to Defendant. Defendant was young at the time of sentencing, he was sentenced to a lengthy term due to § 924(c)'s stacking provision which has since been eliminated, and he would not face the same sentence today. When combined with his parents' health and his rehabilitative efforts, the Court concludes that Defendant has demonstrated extraordinary and compelling reasons for a sentence reduction.

As to the second element, in two recent decisions, the Tenth Circuit has held USSG §1B1.13 is not presently an "applicable" policy statement that controls the definition of "extraordinary and compelling reasons" when a prisoner initiates a § 3582(c)(1)(A) proceeding.[9] Instead, "the Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."[10] Because there is no policy statement "applicable" to § 3582(c)(1)(A) motions

---

[8] *Maumau*, 993 F.3d at 837 (quotation marks omitted).

[9] *McGee*, 992 F.3d at 1050; *Maumau*, 993 F.3d 836–37.

[10] *McGee*, 992 F.3d at 1050; *see also Maumau*, 993 F.3d at 837 (same).

filed by prisoners, the Court next considers whether a sentence reduction is consistent with the Court's consideration of the § 3553(a) factors.

As relevant here, the § 3553(a) factors direct the Court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available; [and]
* * *
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The Court acknowledges the seriousness of the offense. Defendant engaged in two armed carjackings over just a few days. Defendant displayed a weapon in both instances and discharged it once. In another instance, Defendant and another individual robbed a woman's house after they held a gun to her head and tied her to a chair. While doing so, these individuals continually threatened to kill the victim. This conduct requires a significant sentence, a sentence of 276 months is sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

The Court further acknowledges that Defendant has a serious criminal history, including multiple thefts including some—like the offenses here—involving the use of firearms and threats. On the other hand, Defendant was young at the time he committed the instant offense and has spent a considerable amount of time in custody; more time than he would receive if he was sentenced today. Defendant has also been involved in disciplinary incidents while in

5

custody. However, Defendant appears to have recently taken efforts to rehabilitate himself by removing himself from gang associations and entering the Challenge Program. Defendant also has a strong support system outside of prison dedicated to Defendant's success upon release. Finally, the Court recognizes Defendant's concerns about his ailing parents. While it is true that his release is not necessary to ensure for their care, Defendant's concerns appear to be genuine and should not be minimized.

Turning to the need to afford adequate deterrence and protect the public, the Court believes that a sentence of 276 months is sufficient to deter this Defendant and others who are similarly situated, and is sufficient to protect the public. Though reduced from the original 35-year sentence, 276 months' imprisonment remains a substantial sentence.

Next, a sentence of 276 months will allow Defendant the ability to continue his efforts at rehabilitation. While Defendant has requested immediate release, the Court believes an additional year of incarceration is necessary to allow him to continue in the Challenge Program and engage in transitional programming to prepare for his release. The Court strongly encourages Defendant to take full advantage of all opportunities to better himself in the time remaining on his sentence so that he may be successful upon release.

Finally, the Court must avoid unwarranted sentence disparities. Defendant's Motion relies heavily on the issue of sentencing disparities. There is no question that Defendant would be sentenced differently today based on the amendments § 924(c)'s stacking provision. While this legislative change alone is not sufficient to warrant a sentence reduction, the Court is mindful of the disparities in sentencing that are now present given the changes to § 924(c).

For all of these reasons, the Court finds that extraordinary and compelling reasons support a sentence reduction in this case. The Court will amend the judgment to impose a sentence of 276 months.

III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Sentence Reduction (Docket No. 41) is GRANTED as set forth above.

DATED this 31st day of March, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge